## KENNEDY v. STATE.
### No. 20336.

Court of Criminal Appeals of Texas.
April 5, 1939.

Rehearing Denied May 17, 1939.

J. A. Johnson, of Stephenville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The offense is driving an automobile on a public highway while intoxicated. The punishment assessed is a fine of $200 and confinement in the county jail for thirty days.

There are no bills of exceptions or objections to the court's charge in the record. The only question presented is the sufficiency of the evidence to sustain the conviction.

The state introduced witnesses who testified that appellant drove his car to a place in front of a theatre where there was a "no parking sign." In so doing, he bumped into a car and pushed it six or seven feet. He got out of the car, grabbed at a sign on the sidewalk for support, grabbed at a brass railing leading to the ticket window of the theatre and after asking some questions there, on going back to his car he was described as "kind of wabbling along", and it was stated that he had to pull himself back into his car. Someone else closed the door and he left "pretty fast" going south.

Another witness testified: "Now as to the manner in which he handled the car during the time I saw him, well, he was zig-zagging was how come me to notice him; he was zig-zagging running from one side of the street to the other; and when he passed the corner of the store building going east, he run over in front of Mell Marr's Cafe, and then turned back and run back in front of Moser's Store over there and made two cuts right across the street, and then went on down. * * * I Saw him operating the car * * * upon a public highway."

The sheriff was called and arrested appellant in front of his house, where he was slumped over the steering wheel. This witness testified that appellant was drunk, and that he threw him in jail. Testimony in the record indicates that appellant could not have been parked in front of his house for more than five minutes from the time he was seen zig-zagging across the street until he was arrested by the sheriff.

Appellant and other witnesses took the stand and testified that he was not drunk while driving. Appellant explained his condition at the time of his arrest by stating that he went home after being seen in town, went into his house, got the whisky and came back to the car and drank it. He stated that some thirty or forty minutes transpired from the time he got home until the sheriff arrested him. It will be noted that a question of fact was raised by the testimony, which the jury decided adversely to his contention.

We believe the evidence is sufficient to justify the jury's conclusion of appellant's guilt.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

On Appellant's Motion for Rehearing.

CHRISTIAN, Judge.

After carefully re-examining the testimony in the light of appellant's motion for rehearing, we are constrained to adhere to the conclusion heretofore expressed that the evidence is sufficient to support the conviction.

The motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.